In the Matter of the Application of THE CITY CLUB OF NEW YORK for an Inquiry into the Nominations for the Office of Justice of the Supreme Court in the Second Judicial District.

Second Department, October 29, 1931.

*Louis S. Lewis,* for the petitioner.

PER CURIAM. An application is made to us *ex parte* by the City Club of New York, signed by its president and chairman of the board of trustees, asking us to make inquiry into a so-called "deal" in judicial nominations in the Second Judicial District, and particularly into the connection therewith of attorneys who are officers of the Supreme Court, to the end that charges may be preferred against them and that they may be disciplined.

We have carefully read and considered the petition and the accompanying brief. We recognize that we are in the midst of an election campaign where public feeling, stimulated by newspaper agitation, is somewhat high. Much that is now being said with great vehemence will, no doubt, as is usually the case, be forgotten when the campaign is over. It is always difficult to tell under such circumstances whether indignation is genuine or feigned. Perhaps it may be tested by its permanence. We are not concerned with the question. With us it is, *first,* a question of power; and *second,* a question of discretion to be exercised.

Courts are not moved by transient, emotional outbursts. They attempt to deal calmly and dispassionately with facts presented in litigation and other related matters. Examining the petition we find nothing stated or charged except in the somewhat lurid language of published interviews with individuals, the editorial and other comment of newspapers, and resolutions of bar associations. None states definite facts. Chiefly they deal with general denunciation.

In brief, it is said that there has been a "deal" whereby legislation was enacted increasing the number of justices of the Supreme Court in the Second Judicial District by twelve. There is nothing in the petition, even in the hearsay statements it contains, which says that any particular candidate is conspicuously unfit or that he received the nomination by reason of corrupt practices; nor is there furnished any proof on those subjects.

As to any general investigation of legislative acts or of action by political conventions we assume no authority. It would be

otherwise in a case where a member of the bar is charged with corrupt and unethical conduct, and either facts were shown or his conduct has become notorious.

There is a legislative committee now making investigation, among other things, of the matters set forth in the petition. With no facts presented charging any lawyer with misconduct, we are not inclined to initiate a general crusade in relation to the political activities of lawyers. The clamor in the market place is not the source of or the reason for judicial action.

The disciplinary power of this court is concerned, primarily, with the ethical character of the conduct of lawyers in their confidential relations with clients. Secondarily, we are concerned with the ethical character of their general conduct in exceptional instances. These have usually been made the subject of specific statutory condemnation. In order to move this court to action it is essential that a factual basis for such action be presented to it — especially in this second class of cases, with which this petition purports to concern itself.

The petition, as we have said, is barren of any such fact. The petitioner does not pretend to know personally of any fact relating to the subject-matter of the petition. It does not indicate the identity of any individual who had personal knowledge of any wrongful act of a lawyer or any relevant fact. It sets out opinions, chiefly of others, not facts. Whether these opinions are well or ill founded cannot be determined from anything contained in this petition. We do not intimate that anything that may be stated or insinuated in the petition herein necessarily involves any illegal or unethical act upon the part of a lawyer. We are not, in general, concerned with the political activities of lawyers; nor are the powers of this court adapted to inquiring into the political activities of either lawyers or laymen. If as a result of the legislative investigation now being conducted, or if facts presented by any individual or body make it appear that there has been censurable misconduct by any lawyer, during the political campaign or preceding it, we will entertain a proceeding for discipline.

The application should be denied.

Present — HAGARTY, CARSWELL, SCUDDER, TOMPKINS and DAVIS, JJ.

Application denied.